## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>CLAY A. MOORE AND GAIL A. MOORE<br><br>            Debtors | Chapter 7<br>Case No. 17-11368-MSH |

### ORDER ON DEBTORS' MOTION TO CONVERT

Upon consideration of the debtors' motion to convert this chapter 7 case to chapter 13 pursuant to Bankruptcy Code § 706 and the oppositions thereto filed by the chapter 7 trustee and the statement in support of the trustee's opposition filed by the IRS, the oppositions are overruled and the motion is ALLOWED.

As the trustee correctly points out, a debtor's right to convert a case from chapter 7 to chapter 13 is not absolute. In *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 374 (2007), the Supreme Court of the United States agreed with the bankruptcy court in this district (as well as the First Circuit Bankruptcy Appellate Panel and the First Circuit Court of Appeals) that a motion to convert under § 706 may be denied if the court finds the debtor engaged in bad-faith conduct. Other courts in this circuit have imposed additional grounds for denial such as futility of conversion and abuse of process. *See, e.g., In re Porter*, 276 B.R. 32 (Bank. D. Mass. 2002).

The trustee's opposition accuses the debtors of moving to convert, not with the intention to successfully complete a chapter 13 plan (as their income and expenses as currently set forth in their schedules do not support a viable plan), but with the improper motive of frustrating the trustee's efforts to sell their home in order to pay off the existing mortgage debt and partially pay

tax lien creditors.

I find that the debtors' decision to convert, even if motivated by the desire to prevent the trustee from selling their home, does not constitute bad faith under *Marrama*. The debtors' desire to save their home is not opprobrious, particularly when as an alternative to liquidation they seek to attempt to propose a payment plan under chapter 13.

The trustee concedes that a liquidation of the home in chapter 7 will result in payment only to secured creditors, the trustee and his counsel. Unsecured creditors will receive nothing. Such a liquidation strategy does not demand much safe-guarding. In chapter 13, the interests of the debtors' secured creditors will be amply protected. Furthermore, these creditors are well-equipped to defend their own interests if they believe they are being prejudiced impermissibly. As for the estate representatives, the ability of a chapter 7 trustee to manufacture commissions or legal fees by selling fully encumbered property is not a trustee function that warrants preservation in the face of conversion. *See In re Szwyd*, 444 B.R. 10, 19 n. 16 (Bankr. D. Mass. 2011).

Regarding the trustee's claim of futility, I am not prepared to find that conversion to chapter 13 would be a futile exercise here just because the debtors' schedules of income and expenses do not appear to include any excess income to fund a chapter 13 plan. The debtors might find ways to reduce their expenses or increase their revenue to create the necessary disposable income. The threat of losing their home in chapter 7 might be just the motivation the debtors need to find a way to successfully reorganize in chapter 13. They are entitled to try.

Finally, the trustee raises the concern that if unsuccessful in their chapter 13, the debtors will simply dismiss their case, thereby cleverly circumventing the trustee's attempt to sell their

home in chapter 7. The trustee may rest easy. Bankruptcy Code § 1307(b) will not permit the debtors to unilaterally dismiss their chapter 13 case. They will have to file a motion with notice and a hearing. The trustee and the IRS will then have the opportunity to oppose the motion should they believe good cause exists to re-convert the case to chapter 7.

At Boston, Massachusetts this 18th day of December, 2017.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Felicia A. Manni-Paquette, Esq.
Azzinaro, Manni-Paquette
Pawtucket, RI
for the debtors, Clay A. Moore and Gail A. Moore

Alex F. Mattera, Esq.
Demeo LLP
Boston, MA
for the trustee, Donald R. Lassman

Brendan T. Mockler, Esq.
Assistant U.S. Attorney
Boston, MA
for the United States of America